## JULIUS and ANDREW SIMON *v.* M. M. MILLER.

Innkeepers are responsible only for what is usually and ordinarily in the trunks of travelers—
their clothes and the money necessary for their journey. But the landlord is not respon-
sible for the unknown treasure of the traveler, unless placed in his hands.

The room assigned to a traveler, by an innkeeper, is the proper place for the deposit of his
trunk.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*J. Livingston*, for plaintiffs. *C. Roselius*, for defendant. By the court:*
(*Preston*, J., dissenting.)

PRESTON, J. The plaintiffs arrived in this city, from California, on the 10th
of January, 1851, with a large amount of gold dust. They allege, that, on
their arrival, they, being strangers, were recommended by persons unknown to
them and taken to an inn, known as the "Indian Queen," at the corner of
Girod and Levee streets, kept by the defendant; that their gold dust was deposi-
ted with a friend, until the day of its sale, on the 14th of January; that they
engaged their passage on a steamboat up the river, to start that day; that about
12 o'clock, they took their gold to the inn kept by the defendant, and deposited
the same in their trunk in a room in the inn; that at dinner time, about one
o'clock, they went to dinner, first locking the trunk containing their gold, and
the door of their room; that one of them, *Julius*, being quite unwell, remained
but a few minutes in the dining room, and returned immediately to his room,
the door of which he found open, and, on entering, found the trunk, that had
contained the gold, forced open, and that the gold had all been taken therefrom,
amounting to five thousand and two hundred and twenty-five dollars, for which
they bring suit against the defendant.

They substantially proved the facts as alleged, obtained judgment, and the
defendant has appealed.

On the facts proved, as alleged, the plaintiffs rely, in support of their judg-
ment, on articles 2936, 2937 and 2938 of our code. They are as follows:
"An innkeeper is responsible, as depositary, for the effects brought by travelers
who lodge at his house. He is responsible for such effects, even though they
were not delivered into his personal care, provided they were delived to a ser-
vant or person in his employment. He is responsible if any of the effects be
stolen or damaged by his servants or agents, or by strangers going and coming
in the inn."

The defendant contends, that the facts do not render him liable, under these
articles; and, even if they did, that he is exonerated by the next article of the
code, which provides, that the innkeeper is not responsible for what is stolen by
force and arms, and with exterior breaking open of doors, or by any other extra-
ordinary violence.

The facts do not show, that the plaintiffs deposited this large amount of gold
with the defendant, or with his agents or servants. They deposited it in their
own trunk, in their room, without the knowledge of the defendant or of those
in his employment. There was a circumstance, in all probability known to the
defendant, calculated to induce him to believe no such sum was even in his

* *Slidell*, J., was absent.

house, and to lull his vigilance. For, four days before, they had deposited their gold, not in his house, but with a large commercial firm. Indeed, after they sold their gold dust, they intended again to deposit the proceeds with a commercial house, but missed their way and got to the hotel. They thus manifested their own opinion, that the hotel was not a safe and suitable place to deposit so large an amount of gold. Indeed, it is proved, that they were warned of this on their first arrival, and deposited their treasure in a banking house.

Yet, if they had actually deposited the gold with the defendant, he would have been liable. The deposit of their trunk and clothes in the room assigned them, was such a deposit as would have rendered the innkeeper responsible for the loss of those things; for that was the proper place for keeping them, and he was bound to use the diligence necessary to preserve from loss, articles of such magnitude and comparatively of little value. It was not the proper place to deposit five thousand dollars in gold. The landlord would not have allowed the deposit there if he had been informed of it; or, if he had permitted it, during the brief time the plaintiffs were dining, he would have placed a watch, to have avoided a responsibility for perhaps more than he had accumulated by the toil of his life.

To render the defendant responsible, the plaintiffs should have given the gold into the possession of the landlord. It may be conceded, that the five thousand dollars in gold were the effects of these travelers; but they were effects of such immense value, compared with their magnitude, that they are always deposited in the personal care of landlords, or those employed by them. Even then, the responsibility of insurers is enormous, compared with the profits of a night's lodging. It is impossible to extend this responsibility to the landlord, when the whole loss has occurred from the want of the usual care and notice of the travelers. They are responsible only for what is usually and ordinarily in the trunks of travelers: their clothes, and the money necessary for their journey. But, the landlord has nothing to do with what is carried as the fortune of the traveler, unless placed in his hands. Californians, who have earned their money by mining, usually carry it in belts around their persons; merchants, in bills of exchange, in their pocketbooks. More Californians return without gold than with it, and their appearance by no means warns landlords that they are loaded with gold. The landlord had no idea that such valuables were exposed in any part of his crowded house; if he had, he would have insisted upon its being in his own special charge and under his own private lock and key. He should, at least, have notice of the contents of trunks and packages, if they contain more money than the ordinary traveling expenses. We examined this subject with great care, in the case of *The Merchants and Traders' Bank* v. *The Steamboat Anna and Owners*, and were forced to the conclusion, that carriers, whose responsibilities, by an express article of the code, are the same as those of innkeepers, were not liable for hidden treasure, placed on their boat; nor can the innkeeper be liable for unknown treasure happening in his house. It is the lot of man to meet with misfortunes as to his property. He must suffer the loss, unless there be special reasons for imposing the burden on other innocent persons. They do not exist in the present case, and the plaintiffs must submit to the providence that, in giving them gold, no doubt for wise purposes, permitted them to be plundered of the proceeds of all their toil and suffering.

The judgment of the district court is reversed, and judgment is rendered for the defendant, with costs in both courts.

<div style="margin-left"></div>

Simon
v.
Miller.

Eustis, C. J.   My impression is, that the defendant, as an innkeeper, would be liable to the plaintiffs, in the event of loss, under articles 2936, 2937, and 2938 of the code, for the value of his baggage and appliances for traveling, and also for such sum as might be deemed necessary for his expenses, according to his condition in life and the journey undertaken.   The large amount of gold in his trunk, which was stolen, it is not pretended, comes within either of these descriptions.

I see no evidence in the character of the innkeeper, of his inn, or of those who frequent it, which would make this case an exception to the general rule.

There being no such proof, I concur in the conclusion of Mr. Justice Preston, that the judgment ought to be reversed, and judgment rendered for the defendant.

Rost, J., dissenting.   The only exceptions which the code makes to the responsibility of the inkeeper, are, when the effects, brought to his house by travelers, are stolen by force of arms, or by exterior breaking open of doors, or by any other extraordinary violence.   This case comes within none of them.

The contents of the plaintiff's trunk were stolen from his room, in the defendant's house, at mid-day, during dinner, and, as it would seem, by persons who were seen by the clerk, who had charge of the house at that time, and suffered by him to go up stairs, against the rule of the house, although he says that he suspected them.   Such a want of ordinary care cannot be justified; and I have no hesitation in saying, that this is a case for the application of the article 2936 of the code.   The fact, that the trunk was brought into the house first, and the gold put into it afterwards, does not diminish the responsibility of the defendant.   It is as if new suits of clothes, purchased after the arrival of the plaintiffs, had been put into the trunk, and stolen.

The only question which presents any difficulty to my mind is, whether the article of the code should be applied in all its rigor, or whether that rigor should be tempered by the equitable considerations pressed upon us in behalf of the defendant.

It has been held in France, and such seems to be the law there at this time, that the extent of the responsibility of innkeepers depends upon the circumstances of each particular case; and that, when money has been stolen from a traveler, in their houses, this responsibility should be restricted to the sum, which, from the circumstances and wants of the journey, may be presumed to have formed part of his effects.   *D. C. Blandwood et al.*, Dalloz, 1837, part 2, p. 4.   Troplong says, he does not disapprove of that decision, in particular cases, because it is equitable, and maintains the just authority of the article of the code, while it gives due weight to a class of circumstances which should sometimes be taken into consideration.   But he further says, that the principle must not be abused by too general an application of it to all cases; that care must be taken not to rate too low the share of money and valuables necessary to travelers, and that, in making the estimate, all circumstances worthy of consideration should be consulted.   See Troplong Depot, No. 226.

I feel disposed to adopt the principle, with those limitations, and to apply it to the facts of this case.

The plaintiffs, at the time of their arrival from California, having asked a hack driver for a good tavern, were taken to the defendant's house, which, I infer from the evidence, was mainly frequented by persons returning from the gold regions.   The anxiety of the defendant to obtain their custom, arose from his knowledge, that they brought gold with them; and his house should have

been administered so as to give them perfect security for it. This I take to be a material circumstance in the journey of the plaintiffs, and one which, in my opinion, makes the defendant responsible, for as much as they might reasonably be presumed to have brought with them. I cannot consider that amount, between the two, as being less than two thousand dollars. And I think the plaintiffs should have judgment for that sum. See the case of *De Magnoncourt* Troplong Depot, No. 225.

Application for a re-hearing refused.